SISTERS OF CHARITY OF SAINT ELIZABETH, PROSECU-
TOR, v. MORRIS RAILROAD COMPANY ET AL.

Argued February 26, 1912—Decided June 5, 1912.

When a railroad company, duly incorporated, applies for the appoint-
ment of commissioners to condemn lands, and the proceedings
are regular, the justice of the Supreme Court to whom such
application is made cannot inquire into the motives of the in-
corporators procuring the incorporation, and by refusing to
appoint the commissioners determine that the franchises granted
by the state are non-existent. Nor can the *bona fides* of such
a corporation be tested by *certiorari*.

On *certiorari*.

Before Justices BERGEN, VOORHEES and KALISCH.

For the prosecutor, *Robert H. McCarter, Edward K. Mills*
and *Arthur F. Egner*.

For the defendants, *Vreeland, King, Wilson & Lindabury*
and *Alan H. & Theodore Strong*.

The opinion of the court was delivered by

BERGEN, J.   The purpose of this writ is the review of an
order made by one of the justices of this court appointing
commissioners to examine and appraise the lands of the prose-
cutor which the Morris Railroad Company desires to take
for the construction of its railroad, and to fix the compen-
sation to be paid therefor. The facts not disputed are that
the Morristown Traction Company having built a street rail-
road, operated by electricity between Morristown and Lake
Hopatcong, and between the city of Summit and the city of
Elizabeth, in 1911 it filed with the secretary of state a de-
scription of a proposed extension route between the Morris-
town and Summit termini of its railroad; that the company
being unable to obtain the requisite municipal consent to

permit the construction of said railroad, and failing in an attempt to acquire private lands by condemnation proceedings, abandoned a portion of said extended route; that thereupon a railroad company, being the defendant company, was organized under the General Railroad act, which, if lawfully constituted, is invested with the right to acquire lands for railroad uses by condemnation; that the defendant company at once adopted the route abandoned by the traction company as its route, and filed with the secretary of state the required certificate and designation, whereupon it applied for, and was allowed, the order now under review.

The first and material point presented by the prosecutor in support of this writ is that the defendant company is not a *"bona fide* separate railroad company" but was organized through the procurement and agency of the traction company, for the purpose of permitting it to condemn lands for its use in the name of a corporation having power to condemn land for its own purposes, but not for the use of any other corporation. That the prosecutor has no right to inquire into the legality of the corporate existence of the defendant in these proceedings was settled by this court when the present case was before it on motion to strike out reasons (*Sisters of Charity of St. Elizabeth* v. *Morris Railroad Co., 53 Vroom 214*), but under the determination in that case we are required to pass upon the question whether the railroad company is acting within the limits of its authorized agency, that is, in seeking to condemn prosecutor's land do the facts show that the defendant corporation is exercising its agency in good faith for the purpose of acquiring a right of way for its own use, or, on the other hand, it is using its power of condemnation for a purpose other than that for which it is granted. The distinction sought to be drawn in this case between what is an assault upon the corporate existence, and the legality of acts done by virtue thereof, is extremely fine. All the testimony is directed against the *bona fides* of those instrumental in procuring the incorporation of the defendant company, and that would tend to show that there was an unlawful purpose sought to be obtained by it

and perhaps furnish ground for a direct attack by the attorney-general to forfeit the franchise, but assuming its existence *de jure* or *de facto* with power to condemn lands, and without power to transfer to the traction company the fruits of its exercise of the power of eminent domain, for that it cannot do, it is difficult to see how it is exceeding the limit of its agency in exercising a power vested, so long as its corporate existence continues. When a railroad company, duly incorporated, applies for the appointment of commissioners to condemn lands, and the proceedings are regular, the justice of the Supreme Court to whom such application is made cannot inquire into the motives of the incorporators procuring the incorporation, and by refusing to appoint the commissioners determine that the franchises granted by the state are non-existent. Nor can the *bona fides* of such a corporation be tested by *certiorari*.

In this case there is no direct proof that the defendant company in undertaking to condemn lands is exceeding the limit of its agency as conferred by the state. All that the prosecutor urges is that such an inference may be drawn from circumstances shown to exist previous to the incorporation of the company. We think that this assails the *bona fides* of the corporation and the remedy is by *quo warranto* and not by *certiorari*.

The second objection to this order is that it should not have been allowed until after the determination of *quo warranto* proceedings instituted by the attorney-general against the company. It is not contended that the information in *quo warranto* acted as a stay, but it is urged that in this particular case the order should not have been made pending that proceeding, because the order afforded affirmative relief to a corporation whose corporate existence was then under attack by the state. That situation will exist in every case of like nature, and it is not perceived why this should be made an exception. We do not consider this objection fatal to the order complained of.

The third objection is that the proceedings upon which this order is based were illegal because commissioners had been

previously appointed and the proceedings abandoned because the commissioners failed to act within the time required. The defendant company then entered an order, duly allowed by the court, discontinuing those proceedings, and began the present. The point made being that, as the statute allows the appointment of new commissioners if the report is not made in the time fixed, they should in this case have been appointed under the old proceeding. We do not think this objection substantial. The first proceeding failed through no fault of the applicant, and it is not material whether the new commissioners were appointed under the old application or under the new if the landowner had due notice, and that it had is not denied.

We have examined the other objections contained in the brief and find nothing in them justifying the setting aside of the order. The proceedings under review are affirmed.